UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES HARRIS,<br><br>Plaintiff,<br><br>v.<br><br>FRIENDSHIP PUBLIC<br>CHARTER SCHOOL,<br><br>Defendant. | Civil Case No. 18-00396 (RCL) |

## MEMORANDUM OPINION

This action marks yet another chapter in a long line of attorneys' fees cases over the prevailing market rate in the District of Columbia for litigation under the Individuals with Disabilities Education Act (IDEA). Specifically, this Court is again asked to determine, based on the evidence put forth, whether Mr. Harris is entitled to 100% or 75% recovery of the so-called USAO *Laffey* Matrix. Ultimately, for the reasons set forth below, this Court **ADOPTS** the Report and Recommendation of Magistrate Judge Harvey [ECF No. 15]. The Court will **GRANT IN PART** and **DENY IN PART** plaintiff's Motion for Summary Judgment [ECF No. 8]; **GRANT IN PART** and **DENY IN PART** defendant's Cross-Motion for Summary Judgment [ECF No. 10]; and award plaintiff a total of $66,379.35 in fees and costs.

### I.  BACKGROUND

Little in the way of background is all that is required here. Prior litigation between the parties under the IDEA took place both before an Administrative Hearing Officer and briefly in district court before Judge Moss. Complaint, ECF No. 1. Defendant Friendship Public Charter

1

School ("Friendship") filed an administrative due process complaint against plaintiff James Harris, seeking placement of plaintiff's child J.H. in a more restrictive special school setting. R&R 2, ECF No. 15. The Hearing Officer denied Friendship's request and Friendship sought review of the Hearing Officer's decision in district court. *Friendship PCS v. Harris*, Case No. 16-cv-2228 (RDM). The parties settled that dispute but "agree[d] that the attorney fees requested by [Mr. Harris] for the underlying Due Process Hearing remain in dispute and [Mr. Harris] will file a Petition for Attorney fees should the parties be unable to reach an agreement on the amount of attorney fees." *Friendship PCS v. Harris*, Case No. 16-cv-2228 (RDM), ECF No. 15 at 2.

## II. PROCEDURAL HISTORY

When the parties failed to reach an agreement, Mr. Harris filed the present action seeking a finding that he was a prevailing party in the underlying IDEA due process proceedings, $97,226.40 in fees and costs incurred in connection with the administrative case, and an award of reasonable fees-on-fees for the present fee litigation. Complaint, ECF No. 1 at 4–5. This Court referred the matter to a magistrate judge for a report and recommendation, Order, ECF No. 6, and the case was randomly assigned to Magistrate Judge Harvey. The parties then filed cross-motions for summary judgment. *See* Motion for Summary Judgment, ECF No. 8; Cross-Motion for Summary Judgment, ECF No. 10.

Magistrate Judge Harvey held a hearing on the cross-motions and ultimately issued his Report and Recommendation on the matter. *See* R&R, ECF No. 15. Magistrate Judge Harvey found that Mr. Harris was a prevailing party in the underlying due process proceedings and therefore entitled to an award of fees under the IDEA's fee-shifting provision. *Id.* at 7–11. He found that the reasonable hourly rates for Mr. Harris's attorneys are the equivalent of 75% of the applicable USAO Matrix rates in effect at the time the work was performed, *id.* at 20, and ruled

2

on Friendship's various challenges to entries on plaintiff's invoice. *Id.* at 21–28. Lastly, he determined that Mr. Harris abandoned his claim to reimbursement of costs other than attorneys' fees.[1] *Id.* at 29. In total, Magistrate Judge Harvey recommended an award of $66,379.35 in fees.

The only objection to Magistrate Judge Harvey's Report and Recommendation comes from Mr. Harris and to the finding that Mr. Harris is entitled to an award of 75% of the applicable USAO Matrix rates. The remainder of the opinion resolves that objection.

## III. LEGAL STANDARD

Once a magistrate judge issues a report and recommendation, any party may file written objections within fourteen days. LCvR 72.2(b). Importantly, "[t]he objections shall specifically designate the order or part thereof to which objection is made, and the basis for the objection." Id. If a timely objection is made, then this Court is required to "make a de novo determination of those portions of the report or specified proposed finding or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In other words, the Court's analysis with respect to such issues is "equivalent to a decision in the first instance on the merits" of the cross-motions for summary judgment. *Rooths v. District of Columbia*, 802 F. Supp. 2d 56, 60. In contrast, 28 U.S.C. § 636, which confers power and jurisdiction to magistrate judges, does not "require any review at all, by either the district court or the court of appeals, of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

## IV. ANALYSIS

The IDEA allows a court to award "reasonable attorneys' fees . . . to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B). To determine whether fees

---

[1] In footnote 8 of the R&R, Magistrate Judge Harvey also seems to question whether Mr. Harris abandoned his claim to fees-on-fees, as he failed to address it in his motion. Based on the language in the complaint, the Court will permit Mr. Harris to seek fees-on-fees upon timely submission of a fee petition. Complaint ¶ 36.

are reasonable, courts must consider "(1) the 'numbers of hours reasonably expended in litigation'; and (2) the 'reasonable hourly rate' for the services provided." *Reed v. District of Columbia*, 843 F.3d 517, 520 (D.C. 2016) (quoting *Eley v. District of Columbia*, 793 F.3d 97, 100 (D.C. Cir. 2015)). Mr. Harris objects only to Magistrate Judge Harvey's determination of the hourly rate for the legal work performed by his attorneys and asks for $88,505.80, as opposed to the $66,379.35 recommended. The Court thus adopts in full Magistrate Judge Harvey's determinations that Mr. Harris is a prevailing party and his determinations as to the number of hours reasonably expended. Mr. Harris makes two principal arguments that the rate assigned by Magistrate Judge Harvey is too low: (1) that he has carried his evidentiary burden to show that he is entitled to a higher rate because litigation under the IDEA is "complex federal litigation;" and (2) that Magistrate Judge Harvey impermissibly reduced the rate under the language in the statute. The Court addresses both in turn.

A.  *Mr. Harris fails to show the IDEA is "complex federal litigation."*

Determining whether an attorney's "hourly rate is reasonable turns on three sub-elements: (1) 'the attorney['s] billing practices,' (2) 'the attorney['s] skill, experience, and reputation' and (3) 'the prevailing market rates in the relevant community.'" *Eley*, 793 F.3d at 100 (alteration in original) (quoting *Covington v. District of Columbia*, 57 F.3d 1101, 1107 (D.C. Cir. 1995)). Here, Friendship makes no objection to Mr. Harris's attorneys' billing practices and does not contest their skills, experience, or education. The fight in this case, then, is over the prevailing market rate for attorneys of their experience performing IDEA litigation.

In *Reed*, the D.C. Circuit outlined the "two separate, but inter-related, approaches to providing evidence of prevailing market rate." 843 F.3d at 521. For one, fee applicants may try "to establish the prevailing market rate by providing evidence of the fees charged, and received,

4

by IDEA litigators." *Id.* Alternatively, prevailing parties can show that IDEA litigation is "complex federal litigation" to which the rates enumerated in the so-called *Laffey* USAO matrix presumably apply. *Id.*

Here, Mr. Harris puts this Court in a difficult position by "exclusively follow[ing] the [latter] path" and attempting to demonstrate that IDEA cases categorically constitute "complex federal litigation." Pl.'s Objs. R&R 1, ECF No. 16. Mr. Harris seeks recovery at full *Laffey* rates on the USAO Matrix.

The *Laffey* Matrix was "originally compiled to reflect the prevailing market rate for 'complex federal litigation.'" *Reed*, 843 F.3d at 519 (citing *Laffey v. Nw. Airlines, Inc.* (*Laffey I*), 572 F. Supp. 354, 372 (D.D.C. 1983), *aff'd in part, rev'd in part on other grounds*, *Laffey v. Nw. Airlines, Inc.* (*Laffey II*), 746 F.2d 4 (D.C. Cir. 1984), *overruled in part on other grounds*, *Save Our Cumberland Mountains, Inc. v. Hodel* (*SOCM*), 857 F.2d 1516, 1517 (D.C. Cir. 1988) (en banc)). It was created using the affidavits of twenty-five attorneys showing the hourly rates charged in 1981–82 in complex federal employment litigation. *See Laffey I*, 572 F. Supp. at 371. Since that point, the United States Attorney's Office (USAO) for the District of Columbia has maintained a matrix to reflect rates charged for legal services, and Courts have presumed that lawyers practicing in certain areas of litigation deemed "complex" deserve full rates on the matrix. *See Reed*, 843 F.3d at 521, 526.

But as Chief Judge Howell recently pointed out, to continue to refer to the USAO's matrix as the *Laffey* matrix is a "misnomer." *Jones v. District of Columbia*, 15-cv-1505 (BAH), 2019 WL 652349, at *8 (D.D.C. Feb. 15, 2019). The USAO Matrix "from June 1, 2015 and onward no longer bears any methodological connection to *Laffey* the case or *Laffey* the fee matrix, or to the illusive concept of 'complex federal litigation.'" *Id.* at *9. The USAO now derives the rates on

5

its matrix from the ALM Legal Intelligence 2011 survey data for the D.C. Metropolitan area, USAO Attorney's Fee Matrix—2015-2018, ECF No. 8-4, and the current USAO Matrix "is in fact *designed* to be representative of the prevailing hourly rates for a broad range of legal work in this area, not just for 'complex federal litigation.'" *Jones*, 2019 WL 652349, at *9.

Mr. Harris fails to acknowledge this change. And unlike the plaintiff in Chief Judge Howell's case, Mr. Harris provides no evidence of fees charged and received by other IDEA litigators in the area. Instead, Mr. Harris provides two declarations from lawyers attesting to the complexity of IDEA litigation. Bound by *Reed* and this evidence in the record, the Court feels it must follow Mr. Harris's lead and limit its analysis to the question of whether he has demonstrated that IDEA litigation qualifies as complex federal litigation. *See Muskelly v. District of Columbia*, No. 18-cv-740 (JEB), 2019 WL 451519, at *2 (D.D.C. Feb. 5, 2019) ("limit[ing] its analysis to the question of whether IDEA litigation qualifies as complex federal litigation" because "neither party argue[d] that the current Matrix—following its overhaul in 2015—reflects rates beyond those for complex federal litigation").

To demonstrate an entitlement to full USAO Matrix rates under Mr. Harris's chosen method, a fee applicant must meet the "burden of demonstrating that IDEA cases are akin to the types of cases traditionally understood to fall within the category of 'complex federal litigation.'" *Reed*, 843 F.3d at 525. In pursuit of meeting that burden, Mr. Harris puts forth declarations from two lawyers, Michael T. Kirkpatrick and Gary E. Mason. Pl.'s Mot. Summ. J. Ex. 8, ECF No. 8-8 ("Kirkpatrick Decl."); Pl.'s Mot. Summ. J. Ex. 9, ECF No. 8-9 ("Mason Decl."). In addition to Magistrate Judge Harvey, two other judges in this District recently found this same evidence insufficient to prove complexity. *See K.P. v. District of Columbia*, No. 15-cv-1365 (CRC), 2018

WL 6181737, *4–5 (D.D.C. Nov. 27, 2018) (Cooper, J.); *Muskelly*, 2019 WL 451519, at *2–4 (Boasberg, J.). The Court agrees.[2]

First, Neither Mr. Kirkpatrick nor Mr. Mason have relevant experience litigating IDEA cases at either the administrative or district court level. Mr. Kirkpatrick has worked on IDEA cases before the Supreme Court, Kirkpatrick Decl. ¶ 7, while Mr. Mason gives no indication that he has litigated an IDEA case at all. Mason Decl. ¶ 9.

Furthermore, the bulk of the declarations by Mr. Kirkpatrick and Mr. Mason "largely retread arguments that the Circuit has already considered and rejected." *K.P.*, 2018 WL 6181737, at *5. Both attorneys discuss the challenges of mastering the non-legal subjects often involved in IDEA litigation, Kirkpatrick Decl. ¶ 9; Mason Decl. ¶¶ 16–17, and Mr. Mason points to the lack of formal discovery in IDEA cases. Mason Decl. ¶ 19. But in *Reed*, the D.C. Circuit pointed out that a number of specialized fields require "specialized non-legal knowledge" and that "the absence of discovery may suggest that IDEA cases are not as complex as cases in which discovery is extensive." *Reed*, 843 F.3d at 525.

The arguments from the declarations not considered in *Reed* fare no better. Although both Mr. Kirkpatrick and Mr. Mason point to the complexity of the IDEA statute, the associated regulations, and their intersection with state statutes and regulations, Kirkpatrick Decl. ¶ 9; Mason

---

[2] The Court recognizes that it has held on two prior occasions that a plaintiff has met her burden to demonstrate that IDEA cases are sufficiently complex to warrant full rates. *See Shaw v. District of Columbia*, 210 F. Supp. 3d 46, 49–51 (D.D.C. 2016); *Joaquin v. District of Columbia*, 210 F. Supp. 3d 64, 69–70 (D.D.C. 2016). The plaintiff in each of those cases submitted more evidence to the Court than Mr. Harris. *See Shaw*, 210 F. Supp. 3d at 50; *Joaquin*, 210 F. Supp. 3d at 69–70. But more importantly, both of those decisions were pre-*Reed* and relied largely on the evidence describing the "specialized non-legal knowledge regarding special education" required in IDEA cases and the "limited discovery and pretrial proceedings" as the bases for finding IDEA cases sufficiently complex. *Shaw*, 210 F. Supp. 3d at 49–50; *Joaquin*, 210 F. Supp. 3d at 69–70. Such evidence was explicitly found insufficient in *Reed*. 843 F.3d at 525. In a third, post-*Reed* case—*D.L. v. District of Columbia*—the plaintiff's contention that IDEA is complex federal litigation went unchallenged by the District. 267 F. Supp. 3d 55, 68–69 (D.D.C. 2017). In the present case, the Court examines the evidence submitted—as it must—in light of *Reed*.

Decl. ¶ 15, "[l]itigators in almost any field must navigate federal statutory and regulatory authority and must often look to state and local authority as well." *K.P.*, 2018 WL 6181737, *5.

Lastly, the Court's approach to complexity must be categorical—"that is, it must determine whether the *paradigmatic* IDEA case constitutes complex federal litigation." *Muskelly*, 2019 WL 451519, at *3 (citing *Reed*, 843 F.3d at 521, 526). Consequently, Mr. Harris's attempt to highlight four individual Freedom of Information Act and Endangered Species Act cases to show the IDEA's relative complexity is also unavailing. *See* Memo. Supp. Pl.'s Mot. Attorneys' Fees 8–10, ECF No. 8-1.

The D.C. Circuit caselaw has indeed "set a high bar for the IDEA plaintiffs' bar to clear to prove IDEA litigation is sufficiently complex to merit full USAO rates." R&R 17, ECF No. 15; *see also Reed*, 843 F.3d at 525 (noting that "[i]t will not be easy" for a plaintiff to meet its burden to demonstrate IDEA cases are "complex federal litigation"). Going forward, plaintiffs should—like the plaintiff in Chief Judge Howell's case—take the other path outlined in *Reed* and/or argue that USAO Matrix no longer corresponds to "complex federal litigation." But on this record, the Court—bound by D.C. Circuit precedent—agrees with Magistrate Judge Harvey that Mr. Harris's "showing is insufficient to demonstrate that IDEA litigation in general is sufficiently complex to justify the presumptive application of some version of *Laffey* Matrix rates." R&R 18, ECF No. 15.

*B.    The statute permits the fee award recommended by Magistrate Judge Harvey.*

Despite failing to carry his burden to show that litigation under the IDEA is "complex federal litigation," Mr. Harris argues that the plain language of the IDEA prevents a court from making any reductions in attorneys' fees awards. Memo. Supp. Pl.'s Mot. Attorneys' Fees 8–10, ECF No. 8-1. He objects to Magistrate Judge Harvey's findings to the contrary. Pl.'s Objs. R&R 3–5, ECF No. 16.

8

Section 1415(i)(3)(B) of the IDEA provides that "the court, in its discretion, may award reasonable attorneys' fees as part of the costs to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B). This is the language under which Magistrate Judge Harvey makes his recommendation. *See* R&R 5, ECF No. 15.

But Mr. Harris argues that two other subparagraphs in the statute prohibit reduction in the attorneys' fees award in this case. Section 1415(i)(3)(F) states that under certain circumstances, "the court shall reduce, accordingly, the amount of the attorneys' fees awarded under this section." 20 U.S.C. § 1415(i)(3)(F). But the statute also provides for an exception to Section 1415(i)(3)(F), stating that "[t]he provisions of subparagraph (F) shall not apply in any action or proceeding if the court finds that the State or local educational agency unreasonably protracted the final resolution of the action or proceeding or there was a violation of this section." *Id.* § 1415(i)(3)(G). Mr. Harris argues that Section 1415(i)(3)(G) applies because of Friendship's procedural violations of IDEA. Because of this, Mr. Harris argues not that the mandatory reductions of Section 1415(i)(3)(F) do not apply but that the Court may not reduce attorneys at all. Memo. Supp. Pl.'s Mot. Attorneys' Fees 10–11, ECF No. 8-1.

Magistrate Judge Harvey properly rejected this interpretation. It is unsupported by caselaw and has been rejected by other courts. *See Platt v. District of Columbia*, 168 F. Supp. 3d 253, 263 n. 8 (D.D.C. 2016) (finding the argument "curious"); *Williams v. Fulton Cty. Sch. Dist.*, 717 F. App'x 913, 917 (11th Cir. 2017). As the Eleventh Circuit explained,

> Subparagraph (B) permits a district court to award *reasonable* attorneys' fees. If a party submits an unreasonably large bill for the award, a court has the power to reduce it to a reasonable amount. Subparagraph (F) provides that, in certain circumstances, the district court *must* reduce the award to an amount lower than it otherwise would. But if (G)'s exception also applies, the court is not required to reduce the award. Subparagraph (G) has no bearing on the court's determination of

9

which fees are or are not *reasonable*. It merely excuses the court from having to reduce the award if a circumstance in (F) also applies.

*Williams*, 717 F. App'x at 917 (emphasis in original). Contrary to Mr. Harris's contention, this interpretation does not run afoul of the Supreme Court's canon against statutory surplusage.

* * * *

Neither Mr. Harris's evidentiary argument that he has carried his burden nor his textual argument under the statute convince this Court that Magistrate Judge Havey has erred. Further, the Court agrees with Magistrate Judge Harvey that a rate that is 75% of the applicable USAO Matrix rate is reasonable. This fee finds support in "an overwhelming number of cases," *Cox v. District of Columbia*, 264 F. Supp. 3d 131, (D.D.C. 2017); *see also* R&R 18–19, ECF No. 15 (collecting cases), and Mr. Harris fails to present sufficient evidence to demonstrate otherwise. Mr. Harris's objection to Magistrate Judge's finding on the prevailing market rate will be **OVERRULED**.

## V.   CONCLUSION

For the reasons set forth herein, this Court **ADOPTS** the Report and Recommendation of Magistrate Judge Harvey [ECF No. 15]. The Court will **GRANT IN PART** and **DENY IN PART** plaintiff's Motion for Summary Judgment [ECF No. 8]; **GRANT IN PART** and **DENY IN PART** defendant's Cross-Motion for Summary Judgment [ECF No. 10]; and award plaintiff a total of $66,379.35 in fees and costs. A separate order will issue.

Date: 2/27/19

_____
Royce C. Lamberth
United States District Judge